RECEIVED
AUG 29 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE/OPELOUSAS DIVISION

| | |
|---|---|
| **DONALD JAMES VIDALIER** | **CIVIL ACTION NO. 07-545** |
| **VERSUS** | **JUDGE HAIK** |
| **U.S. DEPT. OF TREASURY, ET AL** | **MAGISTRATE JUDGE METHVIN** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## REASONS FOR JUDGMENT

**A.    Facts**

Appellant James Vidalier and his wife failed to file federal income tax returns for their 2000 through 2005 tax years. After Mrs. Vidalier died on December 12, 2005, and Appellant had filed his Chapter 13 petition on April 7, 2006, Appellant filed his delinquent income tax returns for 2000 through 2005, claiming "married filing jointly" status. Despite the claimed filing status, Appellant failed to report his wife's income earned during 2000 through 2004. The IRS determined that Appellant was entitled to claim "married filing jointly" status for the 2005 tax year, but not for tax years 2000 through 2004. As a result, the IRS' amended proof of claim lists liabilities for Appellant's 2000 through 2004 tax years based on "married filing separately" status. Appellant filed his objection to the amended claim. Subsequently, the Bankruptcy Court for the Western District agreed with the Government that Appellant was not entitled to "married filing jointly" status for the years 2000 through 2004 and denied his objection. Appellant moved for reconsideration, but the Bankruptcy Court again denied his motion. Appellant then filed this

1

instant appeal.

B. **Appellant's Contentions**

The Bankruptcy Court claimed that the ability of a surviving spouse to file a joint return was limited to the year of death of the decedent by citing the following portion of *26 United States Code 6013(a)*, which states:

> A husband and wife may make a single return jointly of income taxes under subtitle A, even though one of the spouses has neither gross income nor deductions, except as provided below:
>
> (3) in the case of death of one spouse or both spouses the joint return with respect to the decedent may be made only by his executor or administrator; <u>except that in the case of the death of one spouse the joint return may be made by the surviving spouse with respect to both himself and the decedent if no return for **the taxable year** has been made by the decedent, no executor or administrator has been appointed, and no executor or administrator is appointed before the last day prescribed by law for filing the return of the surviving spouse...</u>

Appellant contends that in its ruling, the Bankruptcy Court misinterpreted "the taxable year", as stated in *26 U.S.C. 6013(a)(3)* to mean the taxable year of death. Therefore, Appellant argues that "the taxable year" refers to the taxable year under analysis, rather than the taxable year of death.

Appellant insists that if both of the spouses are dead, all *26 U.S.C. 6013(a)(3)* states is that the only person that can elect joint status for the decedent is the executor or administrator. However, if only one of the spouses is dead, the other spouse can take the place of the executor or administrator if one has not been appointed within the time prescribed by law, and the decedent had never filed a return for the year under analysis.

Furthermore, Appellant contends that since so much attention was focused on the case of a surviving spouse filing on behalf of a deceased spouse, that the Bankruptcy Court almost forgot

that *26 U.S.C. 6013(a)(3)* allows the filing of a joint return on behalf of both spouses <u>even if both of them are dead</u> at the time of filing, clearly indicated by *"in the case of death of one or both spouses the joint return with respect to the decedent may be made only by his executor or administrator..."* In fact, the highlighted and emphasized portion of *26 U.S.C. 6013(a)(3)* upon which the Bankruptcy Court relies as "clearly" indicating that the statute limits the filing of a joint return to the year of death, has no bearing whatsoever if both spouses are dead at the time of filing. If the reasoning of the Bankruptcy Court were correct, Appellant insists that an untenable result would ensue.

Finally, Appellant alleges that the inadvertent omission of income attributable to the decedent spouse from a tax return does not invalidate the election of joint status merely due to its omission, nor does it evidence intent on the part of the filing surviving spouse – or the decedent – to not avail themselves of a joint filing status for which they would otherwise qualify.

## C.  Appellee's Contentions

Appellee insists that the Bankruptcy Court correctly decided that Appellant is not entitled to claim "married filing jointly" status for his 2000 through 2004 tax years because *26 U.S.C. 6013(a)(3)* prohibits such action. Furthermore, Appellant tries to show that he falls within a narrow exception to the general rule, but he fails to do so.

Contrary to Appellant's argument, Appellee insists that the exception contained in the *26 U.S.C. 6013(a)(3)* cannot permit a surviving spouse to file a joint return on behalf of himself and his deceased spouse for a tax year for which the return already was delinquent at the time the deceased spouse died. In it's opening sentence, *section 6013(a)(3)* refers to "<u>the</u> joint return." Appellee contends that the specific use of the singular shows that Congress contemplated that

3

only one joint return could be filed on behalf of a deceased spouse. The reference to a singular joint return means that "the taxable year," as used in *section 6013(a)(3)*, is limited to the year for which the joint return may be filed, i.e., the year in which the deceased spouse died, because the return for that year would not yet have been due.

Furthermore, Appellee contends that the Treasury Regulation that implements *section 6013* interprets that section to apply only to the return for the year of death, as well as the return for the year before death, if the deceased spouse died before the return for that prior year was due. The Treasury Regulation states:

> These conditions are to be applied with respect to the return for each of the taxable years of the decedent for which a joint return may be made if more than one such taxable year is involved. <u>Thus, in the case of husband and wife on the calendar year basis, if the wife dies in February 1957, a joint return for the husband and wife for 1956 may be made if the conditions set forth in this subparagraph are satisfied with respect to such return. A joint return also may be made by the survivor for both himself and the deceased spouse for the calendar year 1957 if it is separately determined that the conditions set forth in this subparagraph are satisfied with respect to the return for such year.</u> *26 CFR 1.6013-1(d)(3)*.

Appellee argues that, at most, the exception contained in *section 6013(a)(3)* can permit a surviving spouse to make a joint return for himself and his deceased spouse for two years: (1) the year in which his spouse died; and (2) the year before his spouse died, only if his spouse died after the end of the tax year but before the return for that year was due. In other words, Appellee argues that the exception permits a surviving spouse to make a joint return, if the noted conditions are met, for tax years for which the return is not yet due, but only for those tax years.

Appellee contends that in Appellant's case, the IRS permitted him to file a joint income tax return on behalf of himself and his deceased wife for tax year 2005, the year in which Appellant's wife died. Appellant, however, was not entitled to file a joint return for 2004

4

because his wife died in December 2005, after the 2004 return was due. Appellee also insists that neither *26 USC 6013(a)(3)* nor *26 CFR 1.6013-1(d)(3)* authorized him to file a joint return for any earlier years.

Even if *6013(a)(3)* did not prevent Appellant from filing joint income tax returns for his 2000 through 2004 tax years, Appellee urges that Appellant has failed to demonstrate that he and his wife intended to file joint returns for those years. In general, a joint tax return of a husband and wife must be signed by both spouses. *26 CFR 1.6013-1(a)(2)*. The failure to sign a return, however, will not defeat an election to file a joint return if it can be determined that the parties intended to file a joint return. *Ziegler v. Commissioner of Internal Revenue, T.C. Memo. 2003-282, 2003 WL 22255664 (U.S. Tax Ct. 2003)*. Therefore, Appellee contends that Appellant has failed to present any evidence that his wife intended to file joint returns for 2000 through 2004.

## ANALYSIS

The sole issue on appeal is whether tax returns filed in 2006 for the taxable years 2000 through 2004, filed by the spouse of a decedent who died in 2005 and signed by the spouse on behalf of the decedent, are valid joint returns.

This Court looks to *26 U.S.C. 6013(a)(3)* (see Appellant's Contentions above) and the case of *Friedman v. Commissioner, 52 T.C.M. (CCH) 1297, T.C. Memo. 1987-6* for guidance. The case of *Friedman* involved a husband, Albert Friedman, and his deceased wife, Isobel, who passed away in 1978. Subsequent to Isobel's death, Albert Friedman filed a 1977 joint tax return on behalf of himself and Isobel. Albert only signed his name, and on the spouse's signature line was written "Deceased by ACF." This return was filed on April 16, 1979, the year after Isobel's death. The returns for the 1978 and 1979 taxable years were filed on or about April 15, 1981.

5

On both of these returns, Isobel's signature line was left blank.

One of the issues decided by the Court in *Friedman* was whether the "petitioner made valid joint Federal income tax returns for the 1977 through 1979 taxable years, all filed after Isobel Friedman's (decedent) death in 1978." *Friedman at 1302*. After analyzing *section 6013*, the Bankruptcy Court concluded that Mr. Friedman made valid joint returns for the 1977 and 1978 taxable years. *Id at 1303*.

Applying the logic and analysis of *Friedman*, the Bankruptcy Court should have analyzed the tax returns filed by Vidalier as follows: Patsy Vidalier died in December 2005. In 2006, Donald Vidalier, as surviving spouse, filed joint tax returns for himself and Patsy for the years 2000, 2001, 2002, 2003, 2004, and 2005. No one is arguing that the joint return for 2005 is proper. However, for each of the taxable years 2000-2004, all of the requirements for joint status are met pursuant to *section 6013*: (1) Neither spouses are nonresident aliens and both spouses had the same taxable years (calendar years) in 2000 through 2004; (2) no return for the taxable years 2000 through 2004 had been made by the decedent; (3) no executor or administrator was appointed before the last day prescribed by law for filing the return of the surviving spouse. Since there were no returns made by decedent for any of the years in issue, and there was no authorized representative or fiduciary appointed for the decedent's estate, Donald Vidalier is entitled to make joint returns on behalf of himself and Patsy.

Furthermore, Mrs. Vidalier's intent to file joint tax returns before her death is clearly seen in the transcript of the Hearing on October 18, 2006. Patsy Vidalier engaged the services of a tax attorney in April of 2004 in order to become current with the Internal Revenue Service and engage in a later negotiation for a subsequent installment agreement. She began preparation of

6

the past due tax returns in April of 2004. She later died before being able to complete them, and Donald Vidalier had to take over the preparation of the returns. In the confusion of her death and the impending requirements of filing returns, he inadvertently omitted income of which he did not have any records. Patsy Vidalier was the primary record keeper in the union. (Transcript of Hearing on October 18, 2006, pg. 4, line 22 through page 5, line 10). Furthermore, counsel for the IRS stated at the hearing on October 18, 2006, that the last tax return filed by the couple was a joint return. (Transcript of Hearing on October 18, 2006, pg. 4, lines. 6-7).

Based on the evidence, it would defy reason and common sense to forbid Mr. Vidalier from claiming "married filing jointly" status for his 2000 through 2004 taxable years. Therefore, this Court holds that the tax returns filed by Mr. Vidalier in 2006, for the taxable years 2000 through 2004, are valid joint returns.

## CONCLUSION

For the reasons set forth above, it is hereby Ordered, Adjudged and Decreed that there be judgment in favor of Appellant, Donald James Vidalier, and against Appellee, the United States Department of Treasury, et al.

THUS DONE AND SIGNED on this the 29th day of August, 2008.

_____
UNITED STATES DISTRICT COURT JUDGE

COPY SENT:
DATE: 8-29-08
BY: ___
TO: RTH

7